IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 4:24-CR-00034 (CDL) |
| JASMINE GRIMES, | : |
| Defendant. | : |

## PLEA AGREEMENT

The Acting United States Attorney for the Middle District of Georgia ("United States") and Defendant Jasmine Grimes enter into this plea agreement, agreeing as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the United States' evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by a jury. Defendant understands that at a jury trial Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' witnesses, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1



but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

(3)

Being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, Defendant agrees pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), as follows:

(A) Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges Defendant with Conspiracy to Commit Bank Fraud in violation of in violation of Title 18, United States Code, Section 1349.

(B) Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to the following penalties on Count One:

- a maximum sentence of thirty (30) years imprisonment;
- a maximum fine of $1,000,000.00, or both; and
- a term of supervised release of five (5) years.

Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C) Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the United States, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea on the ground that Defendant received an estimated guideline range from the United States, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in



the Presentence Investigation Report or different from the guideline range found by the Court to be the correct guideline range.

(D) Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigation Report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the Presentence Investigation Report and to object to and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the facts or recommendations presented in the Presentence Investigation Report or any disagreement with the Court's rulings on such objections or challenges will not be grounds for withdrawing the plea of guilty. Nothing in this agreement precludes the United States from providing full and accurate information to the Court and the Probation Office for use in calculating the advisory guideline range applicable to Defendant.

(E) Defendant understands and has discussed with Defendant's attorney that after the Court determines the advisory guideline range applicable to Defendant, the Court has the discretion and authority to impose a sentence that is more severe or less severe than the sentence recommended by the guidelines.

(F) Although 18 U.S.C. § 3742 authorizes defendants to appeal their sentences under certain circumstances, Defendant knowingly and voluntarily waives any right to appeal Defendant's sentence, including the amount of any restitution imposed as part of Defendant's sentence. Defendant's sentence appeal waiver does not apply if: (1) the Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the Court at the time of sentencing; (2) the Court imposes a sentence that exceeds the statutory maximum; or (3) the



United States appeals Defendant's sentence under the authority of 18 U.S.C. § 3742(b). Nothing in this agreement shall deprive the United States of its right to appeal Defendant's sentence, as authorized by 18 U.S.C. § 3742(b). If, however, the United States appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under 28 U.S.C. § 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by 28 U.S.C. § 2241.

Defendant understands and acknowledges that the waivers outlined herein may result in the dismissal of any appeal or collateral attack Defendant might file challenging Defendant's conviction or sentence. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the United States, be remanded to the Court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

(G)     Defendant further agrees that all evidence, except biological evidence as defined in 18 U.S.C. § 3600A, if any, obtained in this investigation and prosecution may be destroyed or returned to its rightful owner 30 days after entry of the judgment or thereafter.

(H)     The United States and Defendant hereby agree that any breach of this agreement by Defendant would: (a) not relieve Defendant of Defendant's plea of guilty; (b) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Indictment; (c) permit the United States to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false

4



declaration, false statement, and/or obstruction of justice; and (d) permit the United States to utilize against Defendant in any subsequent judicial proceeding any and all statements made by Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(I) Defendant understands that the Court has an obligation to determine whether, and in what amount, restitution applies in this case under 18 U.S.C. § 3663 and 18 U.S.C. § 3663A. Defendant agrees that if any restitution is ordered by the Court under 18 U.S.C. §§ 2259, 3363, and/or 3363A (or any other statute authorizing restitution) the amount of restitution ordered by the Court shall include Defendant's total offense conduct. Defendant agrees this may include restitution for all losses caused by the Defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by Defendant in the factual stipulation.

Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties or restitution are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, Defendant agrees that it is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States

5



to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive Defendant, notwithstanding the abatement of any underlying criminal conviction execution of this agreement.

Defendant agrees that Defendant will make no future transfer of assets for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon Defendant by the Court.

Defendant agrees fully to disclose all assets in which Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Defendant agrees to submit a truthful, complete, and accurate financial statement form provided by the United States Attorney's Office by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to the United States Attorney's Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances.



The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit (FLU), United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of this plea agreement until the fine or restitution is paid in full. The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the FLU, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations. Defendant agrees that this obligation will continue in force beyond Defendant's term of supervised release up to the point when Defendant's restitution obligation is fulfilled or otherwise terminates by operation of law.

Defendant expressly authorizes the U.S. Attorney's Office to obtain Defendant's credit report. Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office. Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1(G).

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

(4)

7

In exchange for the consideration set forth in Paragraph (3) above, the United States agrees as follows:

(A)     The United States will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the Acting United States Attorney at the time of Defendant's guilty plea, which might have been brought against Defendant solely in this district. The United States agrees to dismiss all remaining counts of the pending Indictment in exchange for Defendant's plea of guilty to Count One of the Indictment.

(B)     The United States agrees that it will file a motion requesting that Defendant's offense level be reduced by one level under U.S.S.G. § 3E1.1(b) for timely notifying the United States of Defendant's intention to enter a guilty plea, but Defendant understands that whether Defendant is entitled to any offense-level reduction under U.S.S.G. § 3E1.1 is entirely within the Court's discretion. The United States reserves the right to furnish the Court with full and accurate information and/or argue against the two-level reduction for acceptance of responsibility if Defendant engages or has engaged in conduct inconsistent with accepting responsibility, as defined in U.S.S.G. § 3E1.1 and its commentary.

(5)

**(Criminal Forfeiture)**

It is further stipulated and agreed that during the time of the offense stated in Count One of the Indictment, the Defendant, Jasmine Grimes, obtained a sum of money and/or acquired property that constitutes or was derived from proceeds traceable to the commission of the aforesaid violation of Title 18, United States Code, Section 1349.

8



(A) Defendant hereby agrees to forfeit to the United States voluntarily and immediately all of Defendant's right, title, and interest in a personal money judgment, in the amount of five hundred twenty-three thousand, three hundred seventy-five dollars ($523,375.00), which is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), or substitute assets thereof (hereinafter referred to as the "personal money judgment").

(B) Defendant agrees to the entry of a preliminary order of forfeiture of the above-described personal money judgment pursuant to Federal Rules of Criminal Procedure 32.2 upon acceptance of Defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges and understands that the forfeiture of the personal money judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J) at the time her guilty plea is accepted.

(C) Defendant agrees that the personal money judgment amount constitutes, or was derived from, or is traceable to the proceeds obtained from the commission of said violation(s) of Title 18, United States Code, Section 1349, and is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

(D) Defendant agrees to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past five (5) years, or in which the Defendant has or had during that time any financial interest. Defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at



any time by Defendant. Defendant agrees to provide and/or consent to the release of the Defendant's tax returns for the previous five (5) years.

(E) Defendant agrees to forfeit all interests in any property that is traceable to, derived from, fungible with, or a substitute for the property which constitutes, or as derived from, or proceeds traceable to the aforementioned offense(s).

(F) Defendant agrees fully to assist the United States in the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s) and to take whatever steps are necessary to pass clear title to that property to the United States, including but not limited to, surrendering the property to the United States at the time of sentencing, surrender title and execution of any documents necessary to transfer Defendant's interest in any of the property to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that the property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(G) Defendant agrees to waive all interest and not file a claim to any property which constitutes or is derived from proceeds traceable to the offense(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, which may be or has been initiated.

(H) Defendant agrees to waive Defendant's right to notice of any forfeiture proceeding involving any property, which constitutes or is derived from proceeds traceable to the offense(s), and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(I) Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of any property, which constitutes, or is derived from proceeds traceable to the offense(s).

Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of the property in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States, the State of Georgia, or its subdivisions.

(J) Defendant agrees to make a full and complete disclosure of all assets in which Defendant has any interest or over which Defendant exercises control and those which are held or controlled by a nominee(s). Defendant understands and acknowledges that the government is relying upon Defendant's representation in entering into this plea agreement. If those representations are false or inaccurate in any way, the government may pursue all forfeiture remedies available.

(K) Defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon Defendant in addition to forfeiture.

(L) Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which Defendant, her successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of any property which constitutes or is derived from proceeds traceable to the offense(s).



(M) Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets pursuant to this plea agreement.

(N) Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, is collected in full.

(6)

Nothing herein limits the sentencing discretion of the Court. The United States and Defendant understand and agree that the Court should consider its sentence in light of the advisory United States Sentencing Guidelines. Defendant therefore agrees that at sentencing the Court may determine any fact pertinent to Defendant's sentence by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to the sentence to be imposed by the Court.

(7)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In particular, Defendant acknowledges and agrees that no one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range in order



to induce this plea. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Georgia, and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority, unless expressly stated herein.

(8)

As an aid to this Court, the United States and Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. § 6B1.4(d) (Policy Statement), this Court may accept this stipulation as written. The facts set forth below are intended to allow the Court to satisfy it obligation under Federal Rule of Criminal Procedure 11(b)(3) to ensure that an adequate factual basis to support the plea exists. In determining an appropriate guideline range or ultimate sentence, the Court, in its discretion, and consistent with its obligation to determine the facts relevant to sentencing, may consider other information in addition to the facts set forth here.

Subject to the above paragraph, the United States and Defendant stipulate and agree that Defendant is in fact guilty of the offense to which Defendant is pleading guilty, that the following facts are true and correct, and that the United States at trial could prove the following facts beyond a reasonable doubt:

In early 2022, both United States Automobile Association Federal Savings Bank (hereinafter "USAA") and Navy Federal Credit Union (hereinafter "NFCU") provided the Federal



Deposit Insurance Corporation – Office of Inspector General (FDIC-OIG) Atlanta Field Office with information alleging an ongoing consumer loan fraud scheme. The deposits at USAA and NFCU were insured by the Federal Deposit Insurance Corporation. USAA and NFCU provided information that shows a bank and wire fraud scheme was being perpetrated by Marquarias Hall and others in the Columbus, Georgia area using fake used automobile dealerships: Hall Automotives, Hall Automotive Corporation, Halls Enterprise and Rentals, JCH Automotive and Halls Tri City Sales. Hall used these dealerships to apply for and obtain auto loans for customers buying used vehicles. Hall's car dealerships and the alleged customers never possessed the vehicles that are allegedly being sold and used as collateral for the loans. Once the loans were funded, the proceeds would be deposited into an account controlled by Hall.

Quine Gray and Jasmine Grimes worked as recruiters for Hall through their personal funding and credit repair businesses. Grimes and Gray recruited "clients" through social media by posting advertisements for "personal funding opportunities." Jasmine Grimes operated "The Jasmakayla Enterprise," a personal funding and credit repair business, that was advertised on Instagram. Grimes advertisements indicated that she operated a "personal funding business" with opportunities to obtain up to $70,000 in funds if approved. In order to qualify for this "funding" "clients" were required to possess a 640 or higher credit score, no history of repossessions or collections, no recent auto loans and an account with either NFCU or USAA. If a "client" lacked the requisite credit score or bank accounts Grimes would offer to repair the credit score and assist in opening the requisite accounts for an additional fee ranging from $150 to $1,800. Grimes also advertised a $500 referral fee for individuals who referred clients to her for participation in the scheme.

14



Once a "client" met these requirements they would be referred directly to Hall for "funding" opportunities through the use of fraudulent auto loans. Hall would then assist the "client" in completing and submitting a loan application to either USAA or NFCU. The "clients" would be instructed to include highly inflated income information on the applications in order to qualify for higher loan amounts. The vehicles identified as collateral on these auto loans were high-end luxury vehicles that neither Hall nor the "client" ever possessed. Once the loans were funded, the proceeds would be deposited into an account controlled by Hall. Hall would then pay Grimes a percentage for her assistance in recruiting the "client" and then either Grimes or Hall would wire the "client" their percentage of the proceeds.

Hall submitted over 70 falsified loan applications identifying Hall Automotive Corp, Halls Enterprise and Rentals, LLC or JCH Automotive, LLC as the seller. Approximately 31 falsified loan applications were submitted to USAA resulting in a total loss of $1,719,820 to USAA. Approximately 41 falsified loan applications were submitted to NFCU resulting in a total loss of $1,996,714 to NFCU. The total combined loss amount to NFCU and USAA was $3,716,534.

The FBI completed a financial analysis of accounts belonging to Grimes. Between December 31, 2021, and June 24, 2022, Grimes' Jasmakayla Collection Company Bank of America business account ending in 4871 received a total of $523,375 in electronic transfers from an account controlled by Hall. Approximately, $364,488.00 was then electronically transferred from an account controlled by Grimes to a "client" identified in the scheme. Grimes received approximately $158,887.00 in recruitment fees from Hall for her participation in the scheme.

In addition, once the loans were funded and the monies disbursed Grimes would, for an additional fee, file false complaints with the Federal Trade Commission (hereinafter "FTC"). The FTC was an agency of the executive branch of the United States, that protected consumers from



deceptive or unfair business practices and from unfair methods of competition. IdentityTheft.gov was a website operated by the FTC that allowed individuals to report identity theft directly to the FTC. An identity theft report filed with the FTC can be used to remove fraudulent information from an individual's credit report and prevent a company form collecting a debt that resulted from identity theft. In filing these complaints Grimes claimed that the "client" was the victim of identity theft. These actions were taken in an attempt to remove the loan from the "client's" credit report so that the "client" would not be responsible for paying back the loan proceeds. Grimes filed falsified reports with the FTC on behalf of at least eleven (11) individuals who obtained fraudulent auto loans through this scheme.

(9)

### ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 18th day of June, 2025.

C. SHANELLE BOOKER
ACTING UNITED STATES ATTORNEY

BY: _____
Veronica Hansis
ASSISTANT UNITED STATES ATTORNEY

16



I, Jasmine Grimes, have read this agreement and had this agreement read to me by my attorney, Robert L. Wadkins, Jr. I have discussed this agreement with my attorney and I fully understand it and agree to its terms. Defendant acknowledges that Defendant authorized and consented to the negotiations between the United States and the attorney for Defendant that led to this agreement.

*[Signature: Jasmine Grimes]*
_____
Jasmine Grimes
DEFENDANT

I, Robert L. Wadkins, Jr., attorney for Defendant Jasmine Grimes, have explained the Indictment and the United States' evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

*[Signature: R L Wadkins Jr]*
_____
Robert L. Wadkins, Jr.
ATTORNEY FOR DEFENDANT